NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                                    )
SEBASTIAN WILLIAMS,                )
                                                    )
                  Petitioner,      )
                                                    )     Civil Action No. 08-1429 (GEB)
          v.                                    )
                                                    )     **MEMORANDUM OPINION**
UNITED STATES OF AMERICA,    )
                                                    )
                  Respondent.    )
_____)

**BROWN, Chief Judge**

     This matter comes before the Court upon the petition of pro se Petitioner Sebastian Williams ("Petitioner") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion"). (Doc. No. 1.)[1] The Court has reviewed the parties' submissions and decided the motion without oral argument pursuant to Federal Rule of Procedure 78. For the reasons that follow, Petitioner's petition is denied.

**I.    BACKGROUND**

     This matter began with a pair of armored truck robberies in Jersey City, New Jersey, on March 23, 2002, and August 29, 2002. (Pre-sentence Investigation Report ("PSR") ¶¶ 7-26.)[2] On

---

[1] All pin-cites to Petitioner's § 2255 Motion refer to the page numbers listed at the top of the electronically filed copy of the brief, 3:08-cv-01429-GEB, Doc. No. 1, Filed 3/20/2008, pp. 1-94.

[2] Despite the fact that both parties rely upon the PSR, a copy of that document was not submitted by either party. The Court, however, has retained and relied upon its own copy of the PSR for purposes of deciding this matter.

December 17, 2002, a grand jury indicted Petitioner and Louis Hyman ("Hyman"), charging both with two counts of conspiracy to commit armed robbery in violation of 18 U.S.C. § 1951 (Counts One and Three), and one count of carrying a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count Two). (Government's Answer 3-44; Doc. No. 7.)  On January 28, 2003, a grand jury returned a Superseding Indictment charging the same three counts against both defendants, and also charging Hyman with an additional count of carrying a firearm in relation to a crime of violence. (Superseding Indictment attached to Pet.'s § 2255 Motion ("Superseding Indictment") 83-88; Doc. No. 1.)  Petitioner pled not guilty to all three counts charged against him, and was subsequently convicted after trial by jury on March 24, 2003. (Government's Answer 4; Doc. No. 7.)

On August 11, 2003, the Court sentenced Petitioner.  The Guideline analysis was as follows: (1) for Count One, the March 23, 2002 robbery, Petitioner received an adjusted offense level of twenty six  (PSR ¶ 44);  (2) for Count Two, carrying a firearm in relation to the March 23, 2002 robbery, Petitioner received the mandatory minimum sentence required by statute  (Id. at ¶ 45); and (3) for Count Three, the August 29, 2002 robbery, Petitioner received an adjusted offense level of twenty nine, which included a five level enhancement based on a firearm discharge during the commission of the crime.  (Id. at ¶¶ 46-52.)  The Court calculated a combined adjusted offense level of thirty one for Counts One and Three, based on the greater adjusted offense level of twenty nine, and an increase in offense level of two.  (Id. at ¶¶ 53-60.)

Thereafter, this Court sentenced Petitioner to 140 months each for Counts One and Three, to be served concurrently, and 84 months under Count Two to be served consecutively, for a total of 224 months imprisonment.  (Government's Answer 4; Doc. No. 7.)

Petitioner subsequently appealed his conviction and sentence on August 14, 2003, and the Third Circuit affirmed Petitioner's conviction on May 26, 2005. (Id.) However, the Third Circuit remanded the case to this Court for re-sentencing in accordance with United States v. Booker, 543 U.S. 220 (2005). (Id. at 4-5.) Thereafter, on April 20, 2006, after considering the Guidelines as advisory and reviewing the 18 U.S.C. 3553(a) factors, the Court imposed the same sentence that Petitioner had previously received. (Id. at 5.) Petitioner then filed a notice of appeal to the Third Circuit on April 21, 2006, along with a motion to reduce his sentence and for a new trial to this Court on April 24, 2006. (Id.) This Court denied Petitioner's Motion on June 19, 2006, and the Third Circuit denied his appeal on August 27, 2007. (Id.) Petitioner then filed a petition for a writ of certiorari with the United States Supreme Court on December 3, 2007. (Id.) The Supreme Court denied this petition on January 7, 2008. (Id.)

On March 20, 2008, Petitioner filed the present petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Therein, Petitioner makes various arguments, including that he was deprived of his right to effective assistance of counsel at both the trial and appellate stages. (Doc. No. 1.) On April 23, 2009, the Court granted the Government's request for an extension of time to file its answer to June 16, 2009. (Doc. No. 6.) On June 12, 2009, the Government filed its answer. (Doc. No. 7.) The Petitioner filed his reply on July 8, 2009. (Doc. No. 8.)

## II.   DISCUSSION

### A.   Standard of Review

#### 1.   28 U.S.C. § 2255

28 U.S.C. § 2255 permits a court to vacate, correct, or set aside a sentence that was "imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Generally, "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." Massaro v. United States, 538 U.S. 500, 504 (2003). A Petitioner must demonstrate cause for each failure to raise a claim at earlier stages of litigation, as well as actual prejudice. United States v. Frady, 456 U.S. 152, 167 (1982). Section 2255 also may not be used "to re-litigate questions which were raised and considered on direct appeal.'" United States v. DeRewal, 10 F.3d 100, 105 n.4 (3d Cir. 1993) (quoting Barton v. United States, 791 F.2d 265, 267 (2d Cir. 1986)), cert. denied, 511 U.S. 1033 (1994). However, the Court of Appeals has expressed a strong preference that an ineffective assistance of counsel claim be brought before the district court in the first instance in a motion under 28 U.S.C. § 2255. See DeRewal, 10 F.3d at 103 (citing United States v. Rieger, 942 F.2d 230, 235 (3d Cir. 1991)). Since it is appropriate to raise a claim of ineffective assistance of counsel under § 2255, rather than on direct appeal, "the failure to raise such a claim on direct appeal should not be treated as a procedural fault." Id.

Additionally, the Court is mindful of Petitioner's pro se status. Because Petitioner is a pro se litigant the Court must apply a more liberal standard of review to his claims than it would to a petition filed with the aid of counsel. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Wade v. Yeager, 377 F.2d 841, 846 (3d Cir. 1967) (recognizing that a petition made without the benefit of counsel must be read with a measure of tolerance); United States ex. rel Montgomery v. Brierley, 414 F.2d 552 (3d Cir. 1969) (stating that pro se petitions should be liberally construed).

### 2. Ineffective Assistance of Counsel

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court defined a two-prong test to establish ineffective assistance of counsel. The first prong of the test requires that a petitioner show that his counsel's performance was deficient. Strickland, 466 U.S. at 687. Specifically, in order to succeed on the deficiency prong, a petitioner must show that "counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." Id. This requires that the Court examine the entire proceedings and determine "whether, in light of all the circumstances, the [conduct of Petitioner's trial counsel was] outside the wide range of professionally competent assistance." Id. at 690. Accordingly, this Court's inquiry is highly deferential. Strickland, 466 U.S. at 689. The Court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, [Petitioner] must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)).

Once the deficiency prong is established, Petitioner must then show that as a result of the deficient performance, he was ultimately prejudiced. Strickland, 466 U.S. at 687. This prong of the test requires that Petitioner show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is a probability sufficient to undermine confidence in that outcome. Strickland, 466 U.S. at 699. Thus, Petitioner must show "that counsel's errors were so serious as to deprive [Petitioner] of a fair [hearing]...whose result is reliable." Lockhart, 506 U.S. at 369 (internal quotes and citation omitted). The focus is on whether the result of the proceeding is

fundamentally unfair or unreliable.  Id.

    **B.**    **Analysis**

        **1.**    **Trial Counsel**

Following his conviction, Petitioner has not prevailed on the two appeals he filed with the Third Circuit, had his sentence re-affirmed by this Court, had his motion to reduce his sentence and for a new trial denied by this Court, and had certiorari denied by the Supreme Court of the United States.  Now, Petitioner resorts to § 2255, and attacks the effectiveness of both his trial and appellate counsel.  It appears he has alleged five potential deficiencies with his trial counsel's performance, as discussed below.

First, it appears Petitioner has alleged that trial counsel's failure to object to a five level sentencing enhancement constituted ineffective assistance of counsel, since United States Sentencing Guidelines Amendment 599 ("Amendment 599") should have been applied "retroactively" to United States Sentencing Guidelines §2K2.4.[3]  (§ 2255 Motion 9, 19; Doc. No. 1.)  This argument reflects Petitioner's confusion regarding the counts of the indictment.

Count One of the indictment charged violation of 18 U.S.C. § 1951 in connection with the March 23, 2002 robbery.  (Superseding Indictment 83-94; Doc. No. 1.)  Count Two charged use of a firearm in the commission of the March 23, 2002 robbery, in violation of 18 U.S.C. § 924(c).  (Id. at 85.)  Count Three of the indictment charged violation of 18 U.S.C. § 1951 in connection

---

      [3]    While Petitioner repeatedly argues that Amendment 599 should be applied retroactively, the Court notes that Amendment 599 went into effect over two years prior to the imposition of Petitioner's sentence.  U.S. SENTENCING GUIDELINES MANUAL app. C, vol. II, at 69.

with the August 29, 2002 robbery. (Id. at 86-87.) Petitioner was not charged with possession of a weapon in Count Three, nor was he charged with violation of 18 U.S.C. § 924(c) in connection with the August 29, 2002 robbery. (Id.) Petitioner argues that he was given a five level enhancement for use of a weapon during the commission of Count One of the indictment, and that this was improper, because he was also convicted for possession and use of that weapon under Count Two. (§ 2255 Motion 19; Doc. No. 1.)

     Amendment 599 affords Petitioner no relief. Amendment 599 clarifies that under United States Sentencing Guidelines § 2B3.1(b)(2)(C), defendants sentenced under 18 U.S.C. § 924(c) may not be given weapon enhancements for the underlying substantive offense. U.S. SENTENCING GUIDELINES MANUAL app. C, vol. II, at 69. In this case, for example, Petitioner could not properly be given a weapons enhancement for the robbery charged in Count One, since he was also convicted of violating 18 U.S.C. § 924(c) in connection with that robbery under Count Two. The Sentencing Commission, however, specifically provided that "if a defendant is convicted of two armed bank robberies, but is convicted under 18 U.S.C. § 924(c) in connection with only one of the robberies, a weapon enhancement would apply to the bank robbery which was not the basis of the 18 U.S.C. § 924(c) conviction." Id. Petitioner was not indicted for, let alone convicted of, an 18 U.S.C. § 924(c) offense in conjunction with the second robbery charged in Count Three. Therefore, a weapons based sentencing enhancement for that offense was proper. The fact that defense counsel did not object to this enhancement based on Amendment 599 does not constitute conduct outside the wide range of professionally competent assistance. Nor was Petitioner prejudiced by this fact, as an objection would have had no impact on his sentence.

     Petitioner's second argument is that trial counsel was ineffective for not objecting to the

Court's jury instructions regarding Count Two. (§ 2255 Motion 23; Doc. No. 1.) His claim is that the Court improperly gave "'alternative' jury instructions relating to the firearm charged in Count Two." (Id.) Specifically, Petitioner complains that while Count Two charges "use and carry" of a firearm, the Court instructed that "[i]t is sufficient if you find that he transported or conveyed the weapon or had possession of it . . . ." (Id.) Petitioner argues his counsel was "ineffective for allowing the court to give misleading jury instructions that effectively modified the charging essential elements (sic) of count II." (Id. at 24.)

      18 U.S.C. § 924(c) specifically refers to ". . . any person who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, *possesses* a firearm . . . ." (Emphasis supplied). The Model Third Circuit Jury Instructions offer guidance to district judges, and with respect to charges under 18 U.S.C. § 924(c), provide the instruction: "'Carry' means that the defendant (had the firearm on (his)(her) person) (*possessed* the firearm)." Model Third Circuit Jury Instructions § 6.18.924B (emphasis supplied). Both the plain language of the statute and the Third Circuit's guidance on jury instructions concerning the statute indicate that "possesses" is a proper analogue for "carries." The Court's instructions regarding Count Two were proper, and did not constructively amend the indictment. As such, any objection based on those instructions would have been overruled. Counsel's actions, therefore, did not fall short of the Strickland standard.

      Third, Petitioner alleges that trial counsel was ineffective for not objecting to the Court striking 18 U.S.C. § 2 from Count Two of the indictment. (§ 2255 Motion 25; Doc. No. 1.) It is settled law that "after an indictment has been returned its charges may not be broadened through

amendment except by the grand jury itself." Stirone v. U.S., 361 U.S. 212, 215-16 (1960) (citing Ex parte Bain, 121 U.S. 1 (1887)).  This rule has been further explained to stand for the principle that "a court cannot permit a defendant to be tried on charges that are not made in the indictment against him." (Id. at 216.)   Here, though, Petitioner appears to argue the opposite – that somehow the Court's narrowing of the indictment against him, and his counsel's alleged failure to object to that narrowing, amounts to ineffective assistance of counsel.  Stated simply, that argument is unsupported by law and without merit.

Fourth, Petitioner asserts as his fourth argument that Count Two of the indictment charged two separate offenses, a firearms violation under 18 U.S.C. § 924(c) and aiding and abetting under 18 U.S.C. § 2, and that his counsel was ineffective for not moving to dismiss the charge without prejudice. (Id. at 25-26.)  At trial, however, Petitioner was not tried on charges not initially made in the indictment.  Nor was the indictment broadened in any fashion.  The removal of the "aiding and abetting" language actually had the effect of narrowing the indictment, so as to permit conviction only if the jury found the Petitioner acted as a principle in the crime.  The fact that counsel did not pursue a challenge to this removal does not amount to conduct outside the wide range of professionally competent assistance.

Finally, Petitioner asserts that trial counsel was ineffective based upon Petitioner's subjective belief that the Government did not prove the existence of a firearm beyond a reasonable doubt.  (§ 2255 Motion 23; Doc. No. 1; Pet.'s Reply Br. 11-14; Doc. No. 8.)  This claim has no merit.  The fact that the jury found that the Government proved an essential element of a charge beyond a reasonable doubt, without more, does not amount to ineffective assistance of defense counsel.

### 2. Appellate Counsel

Petitioner has also alleged four potential deficiencies with his appellate counsel's performance. First, Petitioner has argued that appellate counsel was ineffective for not arguing that the Court lacked subject matter jurisdiction. (§ 2255 Motion 39-65; Doc. No. 1.) This claim has no merit, and a decision not to raise the issue on appeal cannot be considered ineffective assistance of counsel. Petitioner was charged with violations of 18 U.S.C. § 1951 and 18 U.S.C. § 924(c). Both of these statutes are the duly enacted law of the United States. Federal courts maintain jurisdiction over all cases arising under the laws of the United States, such as 18 U.S.C. § 1951 and 18 U.S.C. § 924(c), under Article III of the United States Constitution. The Court properly had jurisdiction over an indictment charging violation of those statutes. See United States v. Bjorkman, 270 F.3d 482, 490 (7th Cir., 2001) (stating, "district judges always have subject-matter jurisdiction based on any indictment purporting to charge a violation of federal criminal law.") Counsel's decision not to pursue this line of argument cannot be said to fall short of the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.

Petitioner's second argument is that appellate counsel was ineffective for the same reasons as trial counsel – namely, for not objecting to Petitioner's enhanced sentence. (§ 2255 Motion 9; Doc. No. 1.) As discussed supra, Petitioner's complaints concerning the enhanced sentence are baseless. The decision by Petitioner's trial counsel to ignore that issue at trial did not fall outside the range of professional competence. For those same reasons, the decision of Petitioner's new appellate counsel to not raise that issue on appeal fell within the range of professional

10

competence.

Petitioner's third argument is that appellate counsel was ineffective for not raising an argument that the Court improperly amended the indictment during its jury instructions. (§ 2255 Motion 10; Doc. No. 1.) This argument is identical to the one levied against trial counsel, in which Petitioner complained that while Count Two charges "use and carry" of a firearm, the Court instructed that "[i]t is sufficient if you find that he transported or conveyed the weapon or had possession of it . . . ." (Id. at 23.) Trial counsel did not fall short of the Strickland standard by not objecting to this instruction. Likewise, appellate counsel's decision not to challenge that instruction did not constitute ineffective assistance.

Petitioner's fourth argument is that appellate counsel was ineffective for failing to appeal jury instructions relating to a unanimous verdict. (§ 2255 Motion 74; Doc. No. 1.) The Federal Rules of Criminal Procedure require that the jury "must return its verdict to a judge in open court. The verdict must be unanimous." Fed. R. Crim. P. 31(a). The Model Third Circuit Jury Instructions provide the following example for instructions on unanimity: "I want to remind you that your verdict, whether it is guilty or not guilty, must be unanimous." Model Third Circuit Jury Instructions § 3.16. The guiding principle for jury instructions is that "jurors may not be coerced into surrounding views conscientiously held." Jenkins v. United States, 380 U.S. 445 (1965).

Petitioner's brief asserts that by instructing the jurors that their verdict must be unanimous, the Court effectively coerced the jurors into rendering a guilty verdict, or at least precluded the possibility of a hung jury or mistrial. (Id. at 75.) Specifically, Petitioner has pointed to the following language: "Your verdict must be unanimous. In order to reach a verdict, all of you must agree on that verdict. I see that I repeated that sentence again so I don't need to repeat that again."

11

(Id.) This Court's language accurately reflects the rule that a jury's verdict must be unanimous, and does not differ materially from the guidance offered by the model Model Third Circuit Jury Instructions. Further, nothing in this statement, or the circumstances of the case, suggests that the instructions had a coercive effect on the jury. See Jenkins, 380 U.S. 446 (finding coercion where trial judge "recalled the jury to the courtroom and in the course of his response stated that 'You have got to reach a decision in this case.'") This charge was included amongst the main charges, and did not represent "a supplemental or dynamite charge to blast a hung jury into a verdict." See United States v. E. Med. Billing, Inc., 230 F.3d 600, 607 (3rd Cir. 2000) (citing United States v. Fioravanti, 412 F.2d 407, 419-420 (3rd Cir. 1969)). Petitioner's argument amounts to a bald allegation unsupported by facts or law. This Court's jury instructions regarding unanimity were proper, and the decision by counsel to not raise this unmeritorious argument on appeal falls within the wide range of acceptable professional conduct.

Finally, Petitioner complains that his appellate counsel did not appeal the claim that "as to Count Three, no money amount was charged, but Mr. Sebastian Williams was enhanced and sentenced to taking over 1.5 million." (§ 2255 Motion 11; Doc. No. 1.) Petitioner was given a four level enhancement to Count Three based on specific offense characteristics involving monetary amounts. (PSR ¶ 48.) Petitioner did not, however, provide any briefing concerning counsel's actions. Regardless, Petitioner's appellate counsel acted appropriately in not raising this issue on appeal. Facts supporting sentencing enhancements do not need to be included in an indictment. See United States v. Campbell, 139 Fed. Appx. 920, 922 (10th Cir. 2005) (stating "Because the Court in [United States v. Booker] 'did not hold that facts supporting sentencing factors had to be included in the indictment,'. . . we conclude that appeal of this issue would be

frivolous.") (citing United States v. Glover, 413 F.3d 1206, 1209 (10th Cir. 2005)); see also United States v. Fisher, 502 F.3d 293, 303 (stating, "Though these facts may have a substantial impact on the sentence, they are not elements, and thus not subject to the Constitution's indictment, jury, and proof requirements.") (citing Harris v. United States, 536 U.S. 545 (2002)).  The decision by counsel to not address this frivolous argument on appeal fell squarely within the range of effective assistance of counsel.

### 3. Additional Claims

Finally, Petitioner argues that the Court's jury instructions had the effect of removing the government's burden of proof.  (§ 2255 Motion 66; Doc. No. 1.)  Specifically, Petitioner takes issue with the following instruction:

> You do not even have to find there was an actual affect on commerce.  All that is necessary to prove this element is the natural consequence of the acts alleged in Count I of the superseding indictment potentially caused an affect on interstate commerce in any way or degree, even minimum.

(Id.)  Nothing in the record, however, indicates that either appellate or trial counsel raised this issue at any point in litigation, and nothing in Petitioner's brief argues that counsel's failure to raise this issue constituted ineffective assistance.  Petitioner is procedurally barred from bringing this claim under 28 U.S.C. § 2255, because claims not raised on direct appeal generally may not be raised on collateral review, and because Petitioner has not argued ineffective assistance with respect to this claim.

Further, even if Petitioner had in some way alleged ineffective assistance of counsel with respect to this claim, that allegation would fail.  The Model Third Circuit Jury Instructions  provide

13

the following exemplary language with respect to 18 U.S.C. § 1951: "You do not even have to find that there was an actual effect on commerce. All that is necessary to prove this element is that the natural consequences of the offense potentially caused an effect on interstate commerce to any degree, however minimal or slight." Id. at § 6.18.1951-7. The Court's instruction virtually mirrored the Third Circuit's Model Instruction. Petitioner's argument on this point is both barred and devoid of merit.

### III.  CONCLUSION

Accordingly, Petitioner's petition to vacate, correct or set aside his sentence pursuant to 28 U.S.C. § 2255 is denied. An appropriate form of order accompanies this memorandum opinion.

Dated: July 2, 2010

       /s/ Garrett E. Brown, Jr.
GARRETT E. BROWN, JR., U.S.D.J.