NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                        )
SEBASTIAN WILLIAMS,                     )
                                        )
                Petitioner,             )
                                        )   Civil Action No. 08-1429 (GEB)
        v.                              )
                                        )   **MEMORANDUM OPINION**
UNITED STATES OF AMERICA,               )
                                        )
                Respondent.             )
_____  )

**BROWN, Chief Judge**

This matter comes before the Court upon the motion for reconsideration filed by pro se Petitioner Sebastian Williams ("Williams") on July 14, 2010. (Doc. Nos. 11, 12.) The Court has considered Williams' submissions and decided the matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow, the Court will deny Williams' motion for reconsideration.

**I.      BACKGROUND**

This matter arises out a petition to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 filed by Williams on March 20, 2008. (Doc. No. 1.) The Court denied Williams' § 2255 petition on July 2, 2010. (Doc. No. 10.) In its July 2 memorandum opinion, the Court detailed this case's lengthy factual and procedural history, and as such, declines to do so again here. The Court simply notes that following the denial of his § 2255 petition, Williams filed his present motion for reconsideration on July 14, 2010. (Doc. No. 11-2.) Williams then filed a

revised brief in support of his motion for reconsideration on July 16, 2010. (Doc. No. 12.) The Court regards Williams' July 16 moving brief as his operative submission in this matter. Therein, Williams argues that this Court made a "manifest error of law and fact" by not ruling on two claims Williams purportedly asserted in his § 2255 petition. (Def.'s Br. 8, 12-18; Doc. No. 12.) Additionally, Williams takes issue with various aspects of the Court's July 2, 2010 decision. The Court will address each of Williams' arguments in turn. Finally, the Court will decline to issue a certificate of appealability in this case.

## II. DISCUSSION

### A. Standard of Review

In the District of New Jersey, motions for reconsideration are governed by FED. R. CIV. P. 59(e) and L. CIV. R. 7.1. The Third Circuit has made clear that motions for reconsideration should only be granted in three situations: (1) when an intervening change in controlling law has occurred; (2) when new evidence becomes available; or (3) when reconsideration is necessary to correct a clear error of law, or to prevent manifest injustice. N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995). If none of these three bases for reconsideration is established, "the parties should not be permitted to reargue previous rulings made in the case." Oritani Sav. & Loan Ass'n. v. Fidelity & Deposit Co., 744 F. Supp. 1311, 1314 (D.N.J. 1990). Further, "[b]ecause reconsideration of a judgment after its entry is an extraordinary remedy, requests pursuant to these rules are to be granted 'sparingly.'" NL Indus. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996) (citing Maldonado v. Lucca, 636 F. Supp. 621, 630 (D.N.J. 1986)).

Additionally, as with the July 2 decision, the Court is mindful of Petitioner's pro se status.

Because Petitioner is a pro se litigant the Court must apply a more liberal standard of review to his claims than it would to a petition filed with the aid of counsel. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Wade v. Yeager, 377 F.2d 841, 846 (3d Cir. 1967) (recognizing that a petition made without the benefit of counsel must be read with a measure of tolerance); United States ex. rel Montgomery v. Brierley, 414 F.2d 552 (3d Cir. 1969) (stating that pro se petitions should be liberally construed).

**B.     Discussion**

*1. Reconsideration*

First, Williams argues the Court's July 2 decision did not address two arguments allegedly contained within Williams' § 2255 petition: (1) that Williams' counsel failed to object to a "two year enhancement for 'brandishing' a firearm regarding count one of the underlying substantive offense. . . " (Id. at 8, 10-11.); and (2) that this Court did not properly address "a one level enhancement for taking of a firearm during the underlying substantive offence of count one." (Id. at 8.)  At the outset, the Court notes these arguments are virtually identical to the litany of arguments addressed by this Court in its previous opinion. (Doc. No. 9.)  The Court concludes that, like those arguments, both of Williams' present arguments fail because they are based on an erroneous reliance on United States Sentencing Guidelines Amendment 599 ("Amendment 599").

Williams' first argument, concerning the brandishing of a firearm, appears to relate to Count Three of the indictment. (Pre-sentence Investigation Report ("PSR") ¶ 47.)  This is the only firearm enhancement Williams was given.  Since Williams was not charged with a violation of 18 U.S.C. § 924(c) in connection with that count, Amendment 599 does not apply to that sentencing enhancement.  Williams' first argument, therefore, is not grounds for reconsideration

of the Court's July 2 decision as Williams' counsel was not ineffective for choosing not to address this issue.

Williams' second argument relates to an enhancement he received in connection with Count One. Williams received an enhancement under Count One of the indictment for the taking of a firearm during commission of the offense. (Id. at ¶ 39.) Amendment 599 clarifies that under United States Sentencing Guidelines § 2B3.1(b)(2)(C), defendants sentenced under 18 U.S.C. § 924(c) may not be given weapon enhancements for the underlying substantive offense. U.S. SENTENCING GUIDELINES MANUAL app. C, vol. II, at 69. Taking of a firearm, however, is not the type of weapon enhancement contemplated by Amendment 599. Amendment 599 clarifies that defendants sentenced under 18 U.S.C. § 924(c) cannot additionally be sentenced for "any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm. . . ." (Id.) Thus, as Amendment 599 does not contemplate the enhancements Williams received in connection with Count One, this second argument is not grounds for reconsideration.

Finally, the Court addresses the several grounds upon which Williams' apparently disagrees with the Court's July 2 decision, as follows: (1) Williams asserts that the trial court gave "alternative jury instructions" in that the Court "added the improper 'possession' element in the jury instructions" (Def.'s Br. 13; Doc. No. 12.); (2) Williams asserts that the trial court improperly struck 18 U.S.C. § 2 from Count Two of the indictment (Def.'s Br. 14; Doc. No. 12.); (3) Williams asserts that his trial counsel failed to test the Government's case with regards to the existence of a firearm (Def.'s Br. 16; Doc. No. 12.); and (4) Williams asserts that the trial court gave improper jury instructions regarding unanimity. (Def.'s Br. 18; Doc. No. 12.) The Court concludes that all of these arguments fail because the Court addressed and ruled against Williams

on each of them in the July 2 decision. Of course, in the District of New Jersey, parties may not simply use a motion for reconsideration to reargue previous rulings already made in a case. See Oritani Sav. & Loan Ass'n. v. Fidelity & Deposit Co., 744 F. Supp. 1311, 1314 (D.N.J. 1990). Here, Williams does exactly that by attempting to collaterally attack the Court's prior decision. For this reason, Williams various aforementioned arguments do not form valid grounds for reconsideration.

### 2. *Certificate of Appealability*

The Court shall not issue a certificate of appealability in this case. Pursuant to 28 U.S.C. § 2253(c)(1)(B), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2255. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Here, Williams has failed, in both his underlying § 2255 petition and his present motion for reconsideration, to make a substantial showing of the denial of a constitutional right. Further, the Court determines that both Williams' § 2255 petition and his motion for reconsideration were so lacking in merit that no reasonable jurist could conclude the issues presented in either filing "are adequate to deserve encouragement to proceed further." As such, the Court will not issue a certificate of appealability in this matter.

### III. CONCLUSION

For the reasons noted above, Williams' motion for reconsideration will be DENIED. (Doc. Nos. 11, 12.)

Dated: August 9, 2010

      /s/ Garrett E. Brown, Jr.
GARRETT E. BROWN, JR., U.S.D.J.