RECEIVED
APR 21 2017
AT 8:30_____M
WILLIAM T. WALSH
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SEBASTIAN WILLIAMS,<br><br>        Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | HONORABLE ANNE E. THOMPSON<br><br>Civil Action<br>No. 08-1429 (AET)<br><br>**OPINION** |

APPEARANCES:

Sebastian Williams, Petitioner Pro Se
25017-050
FCI Otisville
PO Box 1000
Otisville, NY 10963

**THOMPSON, District Judge:**

## I. INTRODUCTION

Before the Court is Sebastian Williams' ("Petitioner") Motion pursuant to Federal Rule of Civil Procedure 60(b)(6) to correct his criminal history scoring. Motion, Docket Entry 21. For the reasons stated below, the motion is denied as it is in reality an attempt to bring a second or successive motion under 28 U.S.C. § 2255.

## II. BACKGROUND

The Court recites the procedural history of this matter as set forth in Chief Judge Garrett Brown's opinion denying Petitioner's § 2255 motion:

> This matter began with a pair of armored truck robberies
> in Jersey City, New Jersey, on March 23, 2002, and August
> 29, 2002. On December 17, 2002, a grand jury indicted
> Petitioner and Louis Hyman ("Hyman"), charging both with
> two counts of conspiracy to commit armed robbery in
> violation of 18 U.S.C. § 1951 (Counts One and Three),
> and one count of carrying a firearm in relation to a
> crime of violence in violation of 18 U.S.C. §
> 924(c)(1)(A)(ii) (Count Two). On January 28, 2003, a
> grand jury returned a Superseding Indictment charging
> the same three counts against both defendants, and also
> charging Hyman with an additional count of carrying a
> firearm in relation to a crime of violence. Petitioner
> pled not guilty to all three counts charged against him,
> and was subsequently convicted after trial by jury on
> March 24, 2003.
>
> On August 11, 2003, the Court sentenced Petitioner. The
> Guideline analysis was as follows: (1) for Count One,
> the March 23, 2002 robbery, Petitioner received an
> adjusted offense level of twenty six; (2) for Count Two,
> carrying a firearm in relation to the March 23, 2002
> robbery, Petitioner received the mandatory minimum
> sentence required by statute; and (3) for Count Three,
> the August 29, 2002 robbery, Petitioner received an
> adjusted offense level of twenty nine, which included a
> five level enhancement based on a firearm discharge
> during the commission of the crime. The Court calculated
> a combined adjusted offense level of thirty one for
> Counts One and Three, based on the greater adjusted
> offense level of twenty nine, and an increase in offense
> level of two.
>
> Thereafter, [the] Court sentenced Petitioner to 140
> months each for Counts One and Three, to be served
> concurrently, and 84 months under Count Two to be served
> consecutively, for a total of 224 months imprisonment.

*Williams v. United States*, No. 08-1429, 2010 WL 2682137, at *1 (D.N.J. July 2, 2010) (internal citations omitted). The Third Circuit affirmed the convictions but remanded for resentencing in accordance with *United States v. Booker*, 523 U.S. 220 (2005).

2

The sentencing court imposed the same sentence after the remand, and the Third Circuit affirmed on appeal. *Ibid.*

Petitioner thereafter filed a § 2255 motion on March 20, 2008 raising various challenges to trial counsel's performance, the indictment, the trial court's jury instructions, and length of his sentence. Chief Judge Brown denied the motion on July 2, 2010, *Williams*, No. 08-1429, 2010 WL 2682137, and later denied Petitioner's motion for reconsideration, *Williams v. United States*, No. 08-1429, 2010 WL 3155180 (D.N.J. Aug. 9, 2010).

Petitioner next filed a petition pursuant to 28 U.S.C § 2241 challenging an alleged defect in his indictment after the Third Circuit denied him permission to file a second or successive § 2255 motion. *See Williams v. United States*, No. 12-2710, 2012 WL 5880362 (D.N.J. Nov. 20, 2012). The Honorable Peter G. Sheridan, D.N.J., dismissed the petition for lack of jurisdiction. *Ibid.*

Petitioner thereafter filed this petition on January 4, 2016, and the matter was reassigned to the undersigned. Petitioner argues he is entitled to relief under Federal Rule of Civil Procedure 60(b)(6) as the indictment did not charge him with all of the required elements and the sentencing court miscalculated his criminal history points.

## III. STANDARD OF REVIEW

Rule 60(b)(6) permits a court to relieve a party from a final judgment for any reason that justifies relief. "The standard for granting a Rule 60(b)(6) motion is a high one. The movant must show 'extraordinary circumstances' to justify reopening a final judgment." *Michael v. Wetzel*, 570 F. App'x 176, 180 (3d Cir. 2014) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 536 (2005)). "[E]xtraordinary circumstances involves a showing that without relief from the judgment, 'an "extreme" and "unexpected" hardship will result.'" *Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008) (quoting *Mayberry v. Maroney*, 558 F.2d 1159, 1163 (3d Cir. 1977)).

## IV. ANALYSIS

A Rule 60(b) motion that seeks to collaterally attack the underlying conviction should be treated as a successive habeas petition. *Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004). Here, Petitioner alleges essential elements were not charged in the indictment and that the sentencing court miscalculated his criminal history under the guidelines because "appellant has not received any prior sentence of *one year or more.*" Motion at 2-4. (emphasis in original). These are attacks on the underlying conviction and sentence, not claims of "defect[s] in the integrity of the federal habeas proceedings" that are appropriately raised in a Rule 60(b) motion. *See Gonzalez*, 545

4

U.S. at 532. Petitioner is "seeking, in effect, a second chance to have the merits of his claims determined favorably." *Michael*, 570 F. App'x at 179-80. As such, the Rule 60(b) motion is really a disguised second or successive § 2255 motion.

Before this Court may consider a second or successive § 2255 motion, Petitioner must obtain an order of authorization from the Third Circuit. 28 U.S.C. § 2255(h); 28 U.S.C. § 2255 Rule 9. As Petitioner has not obtained such an order, this Court must either dismiss the motion or transfer it to the Third Circuit. *See United States v. Hawkins*, 614 F. App'x 580, 582 (3d Cir. 2015).

Section 2255(h) permits the certification of a second or successive motion only where the claim is based on newly discovered evidence that, if proven, would be "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense" or is based on "a new rule of constitutional rule, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." The Court finds that it is not in the interests of justice to transfer the motion to the Third Circuit as it does not appear Petitioner can satisfy the requirements of § 2255(h) because his claims are not based on a new Supreme

5

Court decision made retroactive to cases on collateral review or newly discovered evidence.[1]

To the extent a certificate of appealability is required, the Court declines to issue one. The United States Supreme Court held in *Slack v. McDaniel* that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." 529 U.S. 473, 484 (2000). This Court denies a certificate of appealability because jurists of reason would not find it debatable that dismissal of the motion as second or successive is correct.

## V.    CONCLUSION

For the reasons stated above, this Court will deny the Rule 60(b) motion because it is really a second or successive § 2255 motion over which the Court lacks jurisdiction. A certificate of

---

[1] To the extent Petitioner relies on *Alleyne v. United States*, 133 S. Ct. 2151 (2013), the Third Circuit has determined that case does not provide authorization for a second or successive § 2255 motion. *United States v. Winkelman*, 746 F.3d 134, 136 (3d Cir. 2014).

6

appealability shall not issue. An accompanying Order will be entered.

*April 21, 2017*
Date

*Anne E. Thompson*
ANNE E. THOMPSON
U.S. District Judge

From: Mr. Sebastian Williams
U.S.M. 25017-050
USP Pollock
P.O. Box 099
Pollock, LA 71467

To: Clerk of the Court

RE: United States v. Sebastian Williams, No 13-3761, Civil # 12-2710, 3:12-cv-02710- PGS, 3 -08-cvc-01429-GEB.

Dear Clerk of the court,

Please accept this letter as 60(b)(a)(6) motion in order for the courts to correct a miscalculation of the PSR criminal history scoring (pages -18- and -19-); and insufficiency of indictment.

Enclosed you will find the following: Law and Arguments supported by exhibits 1 though 4. My last motion was dismissed for *lack of jurisdiction* by this court on around November 2015.

A copy of this motion has been served on the government located at:

Mark E. Coyne, Esq.
970 Broad St.
Newark, NJ, 07102

Respectfully Submitted,

Mr. Sebastian Williams/ Pro Se

Date: 27th day of December 2015

Page 1 of 5

RECEIVED
JAN 4 2016
AT 8:30_____M
WILLIAM T. WALSH
CLERK

## LAW AND ARGUMENT

### POINT 1

**Insufficiency of indictment. Elements not charged In Indictment In violation of Due Process 6th and 14th Amendment.**

All the below essential elements punishable to the crime was not charged in the indictment.
  **Under Count One**
1. *Two point* enhancement for person restrained.
2. *One Point* for firearm taken.
  **Under Count Three**
3. *Five Points* for firearm discharged and:
4. *Four Points* for intended loss of 1.5 million.

A total of *Twelve Points* Mr. Williams received in violation of due process of law that must be dismissed. UNITED STATES V. REESE, 92, U.S. 214, 232, 23. L. ED 563 (1876) (Clifford, J. dissenting)); 1. Bishop, Supra, subsection, 87, at 55. (Indictment must include "any particular fact which the law makes essential to the punishment"). "Other than the fact of a prior conviction. Any facts that increase the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury and proven beyond a reasonable doubt." Apprendi V. New Jersey, 530 U.S. 466 (2000). The Sixth Amendment does not permit a defendant to be exposed to a penalty exceeding the maximum he would receive if punished according to facts reflected in the jury verdict alone. If a defendant's jury does not determine those facts then a defendant's sixth Amendment rights has been violated.

In HARRIS V. UNITED STATES, 536 U.S. 545, the court considered elements of crimes as sentencing factors. Thus, enhancing defendant's sentences under preponderance of evidence. Sentencing judges were allowed to do so under *Harris*, however, fact finding by judges now has been understood to violated defendant's Sixth Amendment rights not the confusion sentencing facts and elements has been rectified in

Page 2 of 5

ALLEYNE V. UNITED STATES, 133 S. Ct, 2151(2013). *(Sentencing facts are elements and not sentencing facts that should be found by a judge but a trial jury.)*

Appellant's base offense level began at 20 for counts One and Two. See P.S.R> page -14- section 38 and 39. (Exhibit # 1). Two points added under section 38 for persons restrained. Section 39, one point added for a firearm taken. Also, see P.S.R. page -15- section 47 and 48. (Exhibits # 2). Five points added for firearm discharged by Mr. Williams's co-defendant.[1] Mr. Williams received these enhanced points based on an assumption and not facts. Four points added for intended loss of 1.5 million. (NOT ONE OF THE ABOVE ELEMENTS WAS CHARGED IN THE INDICTMENT).

Collectively these added **TWELVE POINTS** unconstitutionally increased Mr. Williams's sentence by **NINE YEARS OF INCARCERATION**. The Sixth Amendment provides that those "accused" of a crime have a right to a trial by an impartial jury. This right, in conjunction with Due Process Clause requires that each element of a crime be proven to the jury beyond a reasonable doubt. UNITED STATES V. GAUDIN, 515 U.S. 506, 510 (1995); IN Re Winship, 397, U.S. 358, 364 (1970).

Thus, the 12-point enhancements[2] must be dismissed and appellant given an immediate release from prison.[3] Mr. Williams has served 14 years off the 18 years and 8 months the courts has given him. Therefore, the indictment must be dismissed, the sentence dismissed, vacated and remanded to the district court for re-sentencing in light of the enhancements which was never charged in the indictment, presented to the jury and proven beyond a reasonable doubt.

---

[1] *This could not be proven because the courts denied ballistic testing. And no evidence of shell casing other than the guard's were recovered from the crime scene.*

[2] 9 years extra of a Mr. Williams life.

[3] Mr. Williams as of this date has 34 month

Page 3 of 5

## POINT 2

### MACULATION OF CRIMINAL HISTORY POINTS

Four points under 4A.11(c) must be omitted. Appellant received one point each under 4A1.1(c) for priors which should not have been counted in violation of Due Process of law 14t Amendment. See: 4A1.1(c) in part:

> "...." only (4) Four points are allowed under 4A1.1(c)
> .....add 1 point for each prior sentence not counted
> in (a) or (b) up to a total f 4 points for this subsection...."

However, these points would be allowed [If] appellant falls under the term *"prior sentence." In* this case, appellant does not fall under the meaning of prior sentence because appellant has not received any prior sentences of *one year or more*.

> "....." Where a prior sentence of imprisonment results
> From a revocation of probation...parole, supervised
> Release, special parole, or mandatory release..." See:
> 4A1.1 (2)

Appellant does not fall under the elements above. See: Appellant's P.S. R. pages -18-and -19- Exhibits 2. (Sections 77, 79, and 81) 77-- 1 year conditional discharge ( No jail time) 79-- Six months Conditional discharge (No jail time) 81-- 1- Year Conditional discharge and $ 250 fine ( No Jail time)See: Page: -19- (Exhibit # 4) of P.S.R. Subsection 83. $350 fine (No Jail time).
In light of the interest of justice, Mr. Williams should not have received the points under

4A1.1(c) see 4A1.2 91) (e)(1) In Part:

> "...Section for the following prior offense and
> offense that are similar to them, by whatever
> name they are know, are counted ONLY if (A)
> the sentence was One Year or more or a term
> of imprisonment of at least thirty days..."

Evidently, this maculation must be corrected to prevent and continuing due process violation. Appellant was placed at criminal history category III and offense level of 31. Correcting this error would now place appellant in the correct category of II. If the courts agree also with *point one* argument, appellant's offense level should now be 23. Therefore, re-sentencing appellant between the ranges of 51-63 months would be precise.

Page 4 of 5

Mr. Williams respectfully this court to vacated and remanded to the district court for re-sentencing in line with this court's ruling.

Respectfully Submitted, 
Mr. Sebastian Williams, Pro Se

Date:_____ day of _____2015.

| | | | | | |
|---|---|---|---|---|---|
| 75. | 04/28/91 (Age: 22) | Petit Larceny/New York, New York Criminal Court Dkt. 91N037777 | 06/19/91: 60 days jail | 4A1.2(e) | 0 |

76. Williams' legal representation is unknown.

| | | | | | |
|---|---|---|---|---|---|
| 77. | 03/17/92 (Age: 24) | Attempted Petit Larceny/Criminal Court Kings County, New York Dkt. 92K017884 | 05/15/92: 1 year Conditional Discharge upon plea of guilty | 4A1.1(c) | 1 |

78. The defendant's legal representation is unknown. Arrest records state that a reported that a representative of Bargain Basement Bazaar observed Williams remove property from a showcase and put it into his pocket; and reflect he was originally charged with petit larceny and criminal possession of stolen property.

| | | | | | |
|---|---|---|---|---|---|
| 79. | 08/12/92 (Age: 24) | Petit Larceny/New York, New York Criminal Court Dkt. 92N070841 | 09/02/92: Conditional discharge upon plea of guilty 10/29/92: sentence continued | 4A1.1(c) | 1 |

80. Williams' legal representation is unknown.

| | | | | | |
|---|---|---|---|---|---|
| 81. | 08/27/93 (Age: 25) | Attempted Petit Larceny/Criminal Court Kings County, New York Dkt. 93K049774 | 11/03/93: 1 year Conditional discharge upon plea of guilty; $250 restitution; 70 hours community service | 4A1.1(c) | 1 |

82. The defendant's legal representation is unknown. Arrest records reflect Williams was observed placing merchandise into a black bag then exited Macy's while being chased by the store manager, and broke a glass exit door as he attempted to flee. He was originally charged with petit larceny, criminal mischief: intent to damage property, and criminal possession of stolen property.

| | | | | | |
|---|---|---|---|---|---|
| 83. | 02/16/96 (Age: 27) | Petit Larceny/New York, New York Criminal Court Dkt. 96N)12426 | 07/24/96: $350 fine | 4A1.1(c) | 1 |

84. Williams' legal representation is unknown.

| | | | | | |
|---|---|---|---|---|---|
| **85 | 11/14/00 (Age: 32) | Disorderly Conduct/Kings County, New York Criminal Court | 06/05/01: Conditional Discharge; Order of Protection | 4A1.2(f) 4A1.2(c) | 0 |

86. William's legal representation is unknown. The Kings County Criminal Court Clerk's Office advised this case has been sealed.

| | | | | | |
|---|---|---|---|---|---|
| **87 | 08/13/01 (Age: 33) | Criminal Possession of a Weapon/Kings County, New York Supreme Court Dkt. 6673-01 | 04/26/02: 5 days jail; 5 years probation, 04/25/07 expected maximum date | 4A1.1(c) Maximum number of points under § 4A1.1(c) has been reached. | 0 |

88. The defendant was represented by Legal Aid Attorney McGiveny. Court records reflect that Williams was arrested after he was observed by with a gun handle protruding from his waistband. Police officers recovered from the defendant a loaded .9 millimeter handgun that had been reported stolen from the Sheriff's Office in Bibbs County, Georgia, on May 22, 2001. During the respective presentence interview, Williams stated he purchased the firearm two days earlier for $500, for protection.

Adjustment to Probation

*89. Williams committed this instant offense while service this probationary term. According to the Kings County Supreme Court Clerk's Office, a warrant remained outstanding for a Violation of Probation, with the hearing scheduled for June 2, 2003. According to the supervising probation officer, the defendant had been reporting once per month as instructed prior to his arrest in the instant offense. Although the outcome of the violation hearing was not available as of this writing, it was advised that a recommendation for termination of probation was made in light of the lengthy term of imprisonment likely to be imposed in the instant federal matter.